PER CURIAM.
By cross-claim, appellant sued appellees upon a promissory note given to Luella Helen Strauss, who thereafter transferred the note to Sidney Thai, who transferred it to appellant. Sidney Thai is appellant’s former husband. The appellant suffered an adverse jury verdict. This appeal was taken from a final judgment entered thereon.
Under appellant’s point one, it is urged that the defense presented by the ap-pellees was a contemporaneous oral agreement to satisfy the note by some means other than payment according to its terms and that as such, it was barred by the parole evidence rule. An examination of the record reveals that the objection was not made before the trial court. Therefore, it cannot be considered here. Ross v. Florida Sun Life Ins. Co., Fla.App.1960, 124 So.2d 892.
Appellant’s second and third points are based upon the premise that the appellant was shown by the evidence to be a holder in due course and therefore not subject to the defense presented. We find that the position of appellant was a disputed question of fact properly submitted to the jury and determined adversely to the appellant. Since there is evidence to support the conclusion of the jury it will not be reversed here. Fuoté v. Maule, Fla.App.1962, 143 So.2d 563.
Appellant’s points four and five are directed to rulings of the trial court as to the amendment of the answer and the admission of certain evidence. In each instance the appellant has failed to demonstrate harmful error.
Affirmed.