216 So.2d 494 (1968)
John A. WRIGHT and Grace C. Wright, His Wife, Appellants,
v.
DADE COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. 67-812.
District Court of Appeal of Florida. Third District.
November 5, 1968.
On Rehearing December 20, 1968.
*495 Brigham & Brigham, Miami, for appellants.
Thomas C. Britton, County Atty., and James J. Kenny, Asst. County Atty., for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and HENDRY, JJ.
CHARLES CARROLL, Chief Judge.
This appeal is by owners of one of the parcels involved in an action in eminent domain brought by Dade County. For their lot and the improvement thereon the jury awarded appellants $28,100. The judgment added attorney's fees and costs.
The appellants and certain others of the landowner defendants contested the propriety of the taking. On trial of the issues thus raised the court entered an order entitled "Order Determining Right to Take". Therein the trial court found and determined as follows:
"1. The evidence reveals and the Court finds that the determination by the Board of County Commissioners of Dade County, Florida, by Resolution No. R-422-66, adopted on April 26, 1966, that the acquisition of property therein described, including Parcels 4, 8 and 22 is necessary for public hospital purposes, was not a gross abuse of discretion, was not arbitrary, capricious or discriminatory, and was not made in bad faith.
"2. The evidence reveals and the Court finds that the Petitioner is properly exercising its delegated authority in condemning Parcels 4, 8 and 22 in this cause for the above public purpose.
"3. Upon the payment of just compensation, to be determined upon jury trial, the Petitioner has the right to take Parcels 4, 8 and 22.
"4. This cause shall proceed to trial before a jury to determine the amount of the just compensation to be paid by the Petitioner for the taking of Parcels 4, 8 and 22."
The appellants, who were the owners of parcel 8 referred to in the order and in the judgment, challenge the correctness of the trial court's order upholding the county's right to take. The brief of the appellants submitted five points. The first and second presented contentions that the property was not being taken for public use. The third charged the county with bad faith, for failure to state the reason for the taking and because of the absence of adequate plans for use of the property. The fourth was a contention that the property sought to be acquired was more than needed. The fifth point was a contention that the appellants were denied a fair trial, because of certain rulings of the court and conduct of counsel.
The appellants' contention that the acquisition was not for public use is without merit. In the county's petition, it was alleged "the specific property hereinafter described is to be acquired for hospital purposes and is necessary for such purpose. The petitioner has located and surveyed its area of construction and use, and intends in good faith to construct hospital facilities on the specific property hereinafter described." The resolution of the County Commission directing the condemnation included the following recitals and findings:
"Whereas, the Medical Center Joint Planning Committee, the Director, Department of Hospitals, the Director, Public Works Department, and the County Manager recommend the immediate acquisition of the property described above; and
"Whereas, by Resolution No. 11305, adopted on October 7, 1965, this Board *496 authorized the securing of appraisals as to the value of the said properties; and
"Whereas, appraisals of the fair market value of the above described properties total $920,730 and it is estimated that the total cost of acquiring the above described properties will not exceed $1,000,000; and
"Whereas, funds for this purpose are available in Code 601.17, Jackson Memorial Hospital Bond Issue,
"Now, Therefore, be it Resolved by the Board of County Commissioners of Dade County, Florida:
"Section 1. This Board hereby finds, determines, and declares that the acquisition of the above described properties for hospital purposes is necessary, practical and to the best interest of the public, and that it is necessary to acquire the said property in fee simple for such purposes, and this Board adopts and finds those matters set out in the foregoing recitals."
The finding of the trial court that the taking was for public use, was justified on the evidence, for the expanding needs of the county-owned hospital operating in conjunction with the medical school of the University of Miami.
The appellants argued that the taking was not in good faith because it was shown that the additional lands adjacent to the hospital complex which were being acquired were planned for construction of clinical, research and teaching facilities of the University of Miami Medical School, and because plans for construction had not been prepared and the exact use to which the appellants' land was to be put, in connection with the intended public purposes, was not sufficiently stated. On authority of Crow v. Dade County, Fla. 1951, 54 So.2d 753, we hold the argument is without merit.
In such circumstances it is not necessary that the officials proceed to make immediate use of the property thus acquired, or that they have "plans and specifications prepared and all other preparations necessary for immediate construction before it [the county] can determine the necessity for taking private property for public purpose." Carlor Co. v. City of Miami, Fla. 1953, 62 So.2d 897.
It is clear that the basis of this taking was the county's conclusion that there was a need of additional land for anticipated growth and expansion of the hospital complex. As stated in the Carlor case, "It is the duty of public officials to look to the future and plan for the future. In erecting public buildings and public improvements, it is likewise the duty of public officials to build and plan not only for the present but for the foreseeable future." Further in that case the Supreme Court held that failure of county officials to so plan for future expansion of a public facility would represent a dereliction in the performance of their duties, and said: "The hands of public officials should not be tied to the immediate necessities of the present but they should be permitted, within reasonable limitations, to contemplate and plan for the future."
The necessity of the taking and the amount of land reasonably needed for the anticipated expansion of the medical facilities were matters for determination which rested within the discretion of the county officials. City of Miami Beach v. Hogan, Fla. 1953, 63 So.2d 493. In the absence of a showing of fraud or bad faith, the legislative findings of those officials in that respect should not be upset without "strong and convincing evidence of the most conclusive character." Rott v. City of Miami Beach, Fla. 1957, 94 So.2d 168, 173.
We find no substance in the appellants' contention that assuming the taking *497 was for a public purpose the county proposed to take more than was necessary. In support of that contention the appellants argue that since the evidence showed that the immediate use to which their parcel was to be put by the county would not continue for a substantial period, and because there was an absence of definite plans for the intended later use and construction thereon, the county was not entitled to acquire the fee, but only a temporary or lease term interest. However, the appellants' parcel, along with the other property being taken, was shown to have been included by the county in its expansion plans. See Carlor Co. v. City of Miami, supra.
We have considered the appellants' fifth point, which is that the court erred in denying appellants' motion for mistrial because of conduct of plaintiff's counsel in cross examining an expert witness of appellants as to the witness's qualification and credibility, and a statement made by the trial judge to the jury in connection therewith, and have examined the portions of the record involved, and the arguments of counsel thereon. The matter was one within the sound judicial discretion of the trial court, and in our view the denial of the motion did not represent an abuse of discretion.
On consideration of the record in view of the foregoing principles, we find no reversible error has been shown.
Affirmed.

On Rehearing
The court having heard argument on petition for rehearing granted as limited by this court's order of November 22, 1968, it is ordered that this court's order allowing attorney fees for counsel for appellant's dated November 5, 1968 is vacated and set aside as it appears that the allowance of attorney fees is not proper under the statute in the circumstances of this case. See Chapter 73.131(2) Fla. Stat., F.S.A.