352 So.2d 149 (1977)
CITY OF ST. PETERSBURG, Florida, a Municipal Corporation, Appellant,
v.
VINOY PARK HOTEL COMPANY, a Florida Corporation, et al., Appellees.
Nos. 76-1739 and 76-1805.
District Court of Appeal of Florida, Second District.
November 23, 1977.
*150 Michael S. Davis, Chief Asst. City Atty., St. Petersburg, for appellant.
Donald A. Pleasants of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellee Vinoy Park.
McNULTY, JOSEPH P. (Ret.), Associate Judge.
In this eminent domain proceeding the appellant city filed its petition to condemn certain waterfront property in downtown St. Petersburg for the public purpose of a park and recreational area. By its resolution authorizing the condemnation, the city determined that it had "for many years needed additional waterfront property for the purpose of expanding its parks and recreational program" and "that additional lands should be acquired for this purpose to accommodate its citizens' needs for parks and recreational" areas. A portion of appellee hotel's property is sought to be condemned herein pursuant to that resolution.
The hotel responded and resisted the condemnation on the grounds that no public necessity existed for a park or recreation area on its parcel sought to be condemned and that the city had no immediate intention of using the parcel for such purpose. Rather, it contended, the city intended to acquire it for speculation  to hold it for some unknown future use or for resale.
The city's testimony at trial was consistent insofar as intended use as a park or recreational area is concerned, but the exact nature of the park was not precisely established. One representative of the city, for example, testified that the subject parcel was to be used as a part of a larger regional park hopefully to be developed on all downtown waterfront property owned *151 by the city. Another testified that the parcel would be used as a "neighborhood park with picnic and playground facilities." While still another testified that it would be used as a part of a scenic parkway or drive without any picnic or playground facilities. Park use in one form or another, however, as noted, was consistently testified to.
Notwithstanding, the trial court made its finding that the city had not borne its burden of proof on the issue of public necessity and made findings of fact, summarized as follows, to support that conclusion:
(1) That the city showed that the property is only desirable for aesthetic purposes, rather than needed therefor;
(2) That the city failed to produce evidence of need for a regional park;
(3) That the city had made no effort to establish that a need exists for a smaller or neighborhood park in the area; while the hotel's evidence affirmatively showed that the surrounding population was well served by parks in the area;
(4) That the city's witnesses are in conflict on the nature of the intended care, leaving the court in a position where it can only speculate as to use and thus cannot find a public necessity for any particular use;
(5) That the city failed to present evidence as to when the property would be used;
(6) That the city should be estopped from condemning the property by virtue of its prior actions in inducing the owner to fill this property (and other lands owned by the city) at its own expense;
(7) That the condemnation of the subject parcel would exhaust the bond issue passed to develop all parks; and
(8) That the city may not condemn the property since it did not furnish the landowner with a valid description and failed to make a valid survey a part of the record at trial.
Judgment was thereupon entered in favor of the hotel and against the city. This appeal ensued. We reverse.
At the outset, we summarily dispose of the last point involved, that relating to the legal description in the record. While it is true that the legal description pleaded in the petition was inaccurate in that by its terms it did not "close," the undisputed testimony of Campbell, an expert surveyor called by the city, showed that he could locate the parcel from the description, that he had in fact surveyed the property and that, because the land was monumented, he could take the legal description and disregard direction and distance (where the errors were) and still arrive at the same parcel of land. This was sufficient, we think, and a contrary conclusion by the court was error. A trier of fact simply should not disregard unrebutted, sworn, affirmative relevant testimony absent some reason why it ought not be relied upon. None appears here. The witness was a disinterested one, he was not discredited or impeached on cross-examination and he testified affirmatively that he had in fact found the subject parcel  not merely that, in his opinion, it could be found. The city could show no more.
With the respect to the remaining findings, we think this case is essentially controlled by the recent supreme court case of City of Jacksonville v. Griffin.[1] First of all, it appears that the trial court was under the impression that it was necessary for the city to show that it "needed" the subject parcel for a park or recreational area. This is not the law. It is only necessary that they show a "reasonable necessity" therefor.[2] With respect to this standard, we are of the view that when a city acting within its legislative and executive prerogatives resolves in its discretion to exercise any of the powers authorized by its charter  and this includes here the authority to acquire and develop parks and recreation areas  the courts are without authority to substitute their discretion for the city's. Concerning *152 parks, indeed, it may always be argued that a city doesn't "need" them, as perhaps, it may "need" roads, jails, and sites for governmental buildings or projects; but surely it has a right to decide if it wants them and to acquire and develop them nonetheless. We think it sufficient for a condemning authority merely to establish that it properly exercised, in the procedural sense, its discretionary powers under law. The burden then shifts to the landowner who would upset the decision made to show either bad faith or an abuse of that discretion.[3]
Moreover, it is not necessary that the city establish or show precisely when the proposed use would be developed or come into being. Quoting from Central and Southern Florida Flood Control District v. Wye River Farms, Inc.,[4] the court in Griffin, supra, stated:
"... [I]t is not necessary that a condemnor, representing the state or a political subdivision of the state, have funds on hand, plans and specifications prepared and all other preparations necessary for immediate construction before it can determine the necessity for taking property for a public use. In point of fact, it is the duty of public officials to look to the future and plan for the future... ." (Emphasis supplied by the Griffin court.)
The trial court here was without authority, then, to deny the taking for lack of showing of an intended present use.
Parenthetically, too, we dismiss as irrelevant the fact that the instant condemnation would "exhaust" the bond issue passed to finance development of parks generally.
Finally, we dispose of the estoppel issue. With commendable candor the hotel concedes it has found no authority in support of estoppel as a vehicle for relief in this type of case. We have found no such authority either. To the contrary, it appears that estoppel generally will not be applied to hinder the exercise of a valid governmental function,[5] which here must include the exercise of executive power to condemn property under eminent domain.
In view whereof, the judgment appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
GRIMES, Acting C.J., and SCHEB, J., concur.
NOTES
[1] 346 So.2d 988 (Fla. 1977).
[2] Id.
[3] Id. Also compare Knappen, et ux. v. Division of Administration, State of Florida, Department of Transportation, 352 So.2d 885 (Fla. 2d DCA 1977).
[4] 297 So.2d 323 (Fla. 4th DCA 1974).
[5] See City of Fort Lauderdale v. Fort Lauderdale Industrial Sites, Inc., 97 So.2d 47 (Fla. 2d DCA 1957).