357 So.2d 459 (1978)
CLOVER INTERIOR SYSTEMS, INC., a Florida Corporation, Appellant,
v.
GENERAL DEVELOPMENT CORP., a Foreign Corporation, and John Gossett Construction Co., Inc., a Florida Corporation, Appellees.
No. 77-1278.
District Court of Appeal of Florida, Second District.
April 12, 1978.
*460 John J. Dulmer, Jr., of Snyder & Dulmer, Venice, for appellant.
William M. Hereford and Wayne C. Hall, of Strode, Hereford & Taylor, Sarasota, for appellee General Development Corp.
BOARDMAN, Chief Judge.
Appellant/plaintiff Clover Interior Systems, Inc. (Clover) seeks review of a final judgment entered pursuant to a directed verdict entered in favor of appellee/defendant General Development Corp. (General).
Appellant, a custom cabinet subcontractor, had contracted in the spring of 1974 with appellee/defendant John Gossett Construction Co. (Gossett), a general contractor, to manufacture and install custom kitchen cabinets in houses being constructed for General, a large developer of single-family houses. Gossett failed to pay Clover for labor performed and materials furnished during the months of July, August, and September, 1974, and Clover refused to continue work in mid-September. Clover alleged that Gossett owed it approximately $42,000 at that time for work it had completed. On September 21 Walter Puzio, director of operations for General, met with Joseph DeFalco, president of Clover, and paid him the sum of $14,493.97 for pre-September 21 work. General subsequently made two additional payments to Clover for pre-September 21 labor and materials. General refused Clover's demand for payment of the balance in the sum of $19,901.37.
At the conclusion of appellant's case General moved for a directed verdict. The motion was granted. The trial court found, among other things, that there was an oral agreement made on September 21, 1974 between Clover and General for payment of the prior existing debt of Gossett and that the promise was unenforceable under the statute of frauds. Section 725.01, Florida Statutes (1973).
On reviewing a directed verdict the appellate court is required to observe the well settled rule that a motion for directed verdict should be cautiously granted and that in considering such a motion all inferences of fact should be considered most strictly in favor of the nonmoving party. See 2 Fla.Jur. Appeals § 302 (1973). The single issue for our determination is whether there was competent, sufficient evidence introduced by appellant from which the jury could have found that the oral contract entered into between Clover and General was a direct and original promise of General to pay Clover for work completed prior to September 21 as appellant contends. If the agreement was a direct and original promise, it would not be controlled by the statute of frauds and would be enforceable if otherwise valid. Jim & Slim's Tool Supply, Inc. v. Metro Communities Corp., 328 So.2d 213 (Fla. 2d DCA 1976). If on the other hand the agreement was a collateral promise of General to pay Clover in the event that Gossett did not do so as appellee contends, it would be unenforceable as violative of the statute of frauds.
Upon review of the evidence presented we hold that it was error to direct a verdict in favor of appellee because appellant introduced sufficient, competent evidence upon which a jury could find in its favor on this issue. Of course, General may at trial be able to prove otherwise, but the matter should be submitted for jury resolution.
In the event that on remand a new trial is held, we point out that the trial court was correct in granting General's motion in limine to exclude testimony from any party as to the reason for Gossett's failure to pay Clover.
*461 The judgment appealed is reversed and the cause remanded to the trial court for further proceedings consistent herewith.
AFFIRMED in part; REVERSED in part; and REMANDED with directions.
HOBSON and RYDER, JJ., concur.