362 So.2d 19 (1978)
CITY OF MIAMI BEACH, a Florida Municipal Corporation, Appellant,
v.
Edith H. BROIDA and Alvin E. Horowitz, As Personal Representatives of the Estate of Ann Horowitz and Toby Prince Brigham, As Administrator Ad Litem of Moe Horowitz, Deceased, Appellees.
No. 77-1587.
District Court of Appeal of Florida, Third District.
July 5, 1978.
Rehearing Denied September 27, 1978.
Joseph A. Wanick, City Atty., for appellant.
Brigham, Reynolds & Byrne and Toby Prince Brigham, Miami, for appellees.
Before BARKDULL and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
NATHAN, Judge.
This is an appeal by the City of Miami Beach from an order dismissing a petition in an eminent domain action seeking to condemn the property of Moe and Ann Horowitz for a public purpose, namely, completion of the civic-convention center complex land plan, based on Miami Beach City Council Resolution No. 73-14217, authorizing the acquisition for that purpose.
Following an evidentiary hearing pursuant to Section 73.061, Florida Statutes (1977), the trial court entered an order denying the city's petition and finding, among other things, that the city failed to show that the taking was reasonably necessary for public use, and that the city abused its discretion in the exercise of its eminent domain power. The court further found that although a civic-convention center complex land plan was alluded to, no plan was ever officially adopted by the city.
*20 The sole point raised on appeal by the city is that the court erred in ruling against it on the issues of necessity and public purpose for the proposed taking. We agree and reverse.
The record discloses that the city does have a plan and that the plan has been partially completed. The Horowitz property lies within the boundaries of the plan. More than one use has been proposed for such property, but one of the city's witnesses explained that master planning is a process that evolves over time, and must be flexible and subject to change as conditions warrant. As stated in Wright v. Dade County, 216 So.2d 494, 496 (Fla. 3d DCA 1968),
"... it is not necessary that the officials proceed to make immediate use of the property thus acquired or that they have `plans and specifications prepared and all other preparations necessary for immediate construction before it [the county] can determine the necessity for taking private property for a public purpose.' Carlor Co. v. City of Miami, Fla. 1953, 62 So.2d 897."
As a general rule, the matter of necessity for the taking of private property in order to serve a public purpose rests within the discretion of the appropriate county or municipal authority, in this case the Miami Beach City Council. See City of Miami Beach v. Hogan, 63 So.2d 493 (Fla. 1953); Jones v. City of Tallahassee, 266 So.2d 382 (Fla. 1st DCA 1972), overruled on other grounds, 281 So.2d 333 (Fla. 1973), modified 281 So.2d 341 (Fla. 1973). In Jones v. City of Tallahassee, supra, the First District Court of Appeal, citing Rott v. City of Miami Beach, 94 So.2d 168, 173 (Fla. 1957), held that the findings by a city on the question of necessity in eminent domain proceedings cannot be easily upset by the courts. It also held that proof of bad faith and gross abuse of discretion shown by strong and convincing evidence of the most conclusive character would be required to overthrow the findings of the appropriate authority. This principle was overruled by the Florida Supreme Court in Ball v. City of Tallahassee, 281 So.2d 333 (Fla. 1973), following a line of cases holding that abuse of discretion, standing alone, can override the condemning authority's exercise of its eminent domain power, without respect to bad faith or oppression, which is another independent basis of sufficient proof to refute a prima facie case of necessity. Wilton v. St. Johns County, 98 Fla. 26, 123 So. 527 (1929); Sibley v. Volusia County, 147 Fla. 256, 2 So.2d 578 (1941); Canal Authority v. Miller, 243 So.2d 131 (Fla. 1970); Canal Authority v. Litzel, 243 So.2d 135 (Fla. 1970).
Ball v. City of Tallahassee, supra, was modified by City of Jacksonville v. Griffin, 346 So.2d 988, 990 (Fla. 1977), to the extent that the condemning authority need only present some evidence showing a reasonable necessity for the taking, and that once such a reasonable necessity has been shown, the exercise of the condemning authority's discretion should not be disturbed. Compare Knappen v. Division of Administration, State Department of Transportation, 352 So.2d 885, 890 (Fla. 2d DCA 1977).
In the record presented in the case before us, the City of Miami Beach demonstrated preliminary sufficient evidence of necessity of taking. There was no showing by the defendants Horowitz of abuse of discretion in the exercise of the city's power of eminent domain, nor was there a showing of bad faith or oppression on the part of the city. Rather, the record reflects that the property lies within the geographical boundaries of the city's plan for its civic-convention center complex, and that the possible suggested uses of the property are public purposes. Therefore, the trial court erred in entering the order dismissing the city's petition.
Reversed.