PER CURIAM.
We affirm the judgment of the trial court which in effect found that the Statute of Frauds, section 725.01, Florida Statutes (1981), did not bar appellee’s claim. There was competent evidence on the basis of which the trial court could find that the obligation of appellant to pay for services rendered by appellee to appellant's subsidiary corporation was a direct, not a collateral, obligation. See Sanders v. Hodges, 109 Fla. 391, 147 So. 571 (1933); Clover Interior Systems, Inc. v. General Development Corp., 357 So.2d 459 (Fla. 2d DCA 1978); Troup Brothers, Inc. v. State of Florida, 135 So.2d 755 (Fla. 2d DCA 1961).
The amount of the judgment was for payment for services rendered by ap-pellee subsequent to appellant’s acquisition of stock in the subsidiary. In a prior federal suit appellant and the corporation which became its subsidiary sued appellee for securities laws violations and fraud which allegedly induced appellant’s acquisition of stock in the subsidiary corporation. We do not conclude that the requisite “logical relationship” existed between appellant’s previously filed federal suit and appellee’s present suit so as to constitute the subject of the present suit a compulsory counterclaim in the federal suit. See Revere Copper & Brass, Inc. v. Aetna Casualty & Surety Co., 426 F.2d 709 (5th Cir.1970). Compare Taussig v. Insurance Company of North America, 301 So.2d 21 (Fla. 2d DCA 1974); Stone v. Pembroke Lakes Trailer Park, Inc., 268 So.2d 400 (Fla. 4th DCA 1972).
AFFIRMED.
BOARDMAN, A.C.J., and DANAHY and LEHAN, JJ., concur.