537 So.2d 650 (1989)
BROWARD COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
G. Warren STEELE, Dana A. Steele, Jr., Frederic Lincoln Steele, Jr., Elizabeth A. Steele, Esther Steele Flood, Unknown Heirs, Beneficiaries, Devisees, Legatees, Spouses, and Creditors of Alice H. Steele, Deceased, W. Tinsley Ellis, Individually and As Trustee, Carmella F. Dorry, R.S.L. Realty, Inc., Dorothy R. Bechtel, and Unknown Heirs, Beneficiaries, Devisees, Legatees, Spouses, and Creditors of M.A. Bechtel a/k/a Mary A. Bechtel, Deceased, Appellees.
No. 87-2731.
District Court of Appeal of Florida, Fourth District.
January 4, 1989.
*651 Susan F. Delegal, General Counsel, and Arthur E. Burrows, Jr., Asst. General Counsel for Broward County, Fort Lauderdale, for appellant.
Charles R. Forman and Mary Catherine Haupt of Atkins, Krehl & Forman, Ocala, for appellee  W. Tinsley Ellis.
Alan E. DeSerio of Brigham, Moore, Gaylord, Schuster & Sachs, Tampa, for appellees  Carmella F. Dorry and R.S.L. Realty, Inc.
PER CURIAM.
Broward County filed condemnation proceedings utilizing the "quick take" provisions of Chapter 74, Florida Statutes. In granting the order of taking, the trial court determined that acquisition of title in fee simple absolute was not necessary to meet the particular public need described in the petition. Consequently, the court imposed the following condition:
That Petitioner, BROWARD COUNTY shall acquire the lands taken in fee simple, but if the lands taken shall cease to be used for a County park or nature center, or if the State does not lease the adjacent contiguous lands to the Petitioner for said purposes, or the lease terminates without extension or renegotiation thereof, then, in any of these events, the lands taken shall automatically revert and revest in Defendants, or their legal successors in interest, in fee simple.
Broward County maintains that the terms of this order were based upon the court's concern for uncertainties in the project, and argues that these uncertainties do not justify the conditional nature of the grant.
The trial court in awarding Broward County fee simple title to the properties found a reasonable necessity for the taking. Broward County, however, also had the burden of proving the extent of the estate interest needed for the project. See Canal Authority v. Miller, 243 So.2d 131 (Fla. 1970); State ex rel. Ervin v. Jacksonville Expressway Authority, 139 So.2d 135, 138 (Fla. 1962); Miller v. Florida Inland Navigational District, 130 So.2d 615 (Fla. 1st DCA 1961).
In Central & South Florida Flood Control District v. Wye River Farms, Inc., 297 So.2d 323, 326 (Fla. 4th DCA 1974), this court upheld condemnation, even though uncertainties remained at the time of taking, stating:
It has been well established that it is not necessary that a condemnor ... have funds on hand, plans and specifications prepared and all other preparations necessary for immediate construction before it can determine the necessity for taking private property for a public use.
Id. See also City of Jacksonville v. Griffin, 346 So.2d 988 (Fla. 1977); City of Miami Beach v. Broida, 362 So.2d 19 (Fla. 3d DCA 1978), cert. denied, 372 So.2d 466 (Fla. 1979); City of St. Petersburg v. Vinoy Park Hotel Co., 352 So.2d 149 (Fla. 2d DCA 1977); Wright v. Dade County, 216 So.2d 494 (Fla. 3d DCA 1968), cert. denied, 225 So.2d 527 (Fla. 1969), cert. denied, 396 U.S. 1008, 90 S.Ct. 565, 24 L.Ed.2d 500 (1970).
A condemning authority need only offer some evidence showing reasonable *652 necessity for taking. Thereafter, a condemning authority's discretion should not be disturbed absent a showing of bad faith or abuse of discretion. Canal Authority v. Miller, 243 So.2d 131, 134 (Fla. 1970); City of Miami Beach v. Broida, 362 So.2d 19, 20 (Fla. 3d DCA 1978); City of St. Petersburg v. Vinoy Park Hotel Co., 352 So.2d 149, 151-152 (Fla. 2d DCA 1977); Miller v. Florida Inland Navigational District, 130 So.2d 615, 623 (Fla. 1st DCA 1961). Once reasonable necessity is shown, the landowner must show fraud, bad faith, or a gross abuse of discretion in order to defeat it. Canal Authority v. Miller; Canal Authority v. Litzel, 243 So.2d 135, 137-138 (Fla. 1970). The trial court made no such finding, nor does appellee argue that there was bad faith or fraud.
We conclude that the discretion of the county should not have been disturbed and that title in fee simple absolute should have been granted. Therefore the order of taking is reversed. We remand for further proceedings implementing this opinion.
ANSTEAD, WALDEN and STONE, JJ., concur.