PER CURIAM.
The appellant, Florida Department of Transportation (DOT), challenges the trial court’s final order granting a directed verdict for the appellees, Iris Hart Young and others. We reverse.
DOT filed a petition seeking condemnation of land owned by the appellees alleging that it was necessary for the public purpose of replacing an inadequate and unsafe bridge. The appellees claimed that DOT was acting in bad faith and grossly abusing its discretionary powers because the land it wanted to take through eminent domain was not required for any public purpose. The cause proceeded to hearing on the order of taking.
At the hearing, the trial court limited the inquiry to the issue of public necessity. *597 DOT’s engineer and bridge program manager testified that the existing bridge is substandard, unsafe for vehicular traffic, and has been scheduled for replacement. He further testified that the appellees’ land is required to widen the bridge from one lane to two lanes to provide maintenance access, reform ditches near the bridge, comply with Southwest Florida Water Management District requirements, and correct an alignment problem. Although the engineer testified on cross-examination that a bridge adequate to handle the traffic could be built without taking any property, he further stated that a one-lane bridge is not considered functionally adequate .under federal standards. After DOT rested, the appellees moved for a directed verdict. See In re Estate of McCoy v. Milton, 445 So.2d 680 (Fla. 2d DCA 1984) (motion for directed verdict in nonjury trial properly should have been motion for involuntary dismissal but same legal principles govern both). The trial court granted the motion concluding that even though the current bridge was unsafe and needed to be replaced, DOT failed to show there was public necessity for a larger bridge that required taking additional land. DOT’s motion for rehearing was subsequently denied, and the trial court entered an order directing a verdict for the appellees and dismissing the cause. This timely appeal followed.
We agree that the trial court improperly granted the appellees’ motion for directed verdict. A motion for directed verdict should be cautiously granted, and the appellate court is required to view the evidence and inferences of fact in the light most favorable to the nonmoving party. Charlotte Asphalt, Inc. v. Cape Cave Corp., 406 So.2d 1234 (Fla. 2d DCA 1981); Clover Interior Systems, Inc. v. Gen. Dev. Corp., 357 So.2d 459 (Fla. 2d DCA 1978). This court may affirm the directed verdict only if, as matter of law, no proper view of the evidence could sustain DOT’s position. Clark v. Better Constr. Co., 420 So.2d 929 (Fla. 3d DCA 1982). See also, Moisan v. Frank K. Kriz, Jr., M.D., P.A., 531 So.2d 398 (Fla. 2d DCA 1988).
A condemning authority need only offer some evidence showing a “reasonable” necessity for taking. Broward County v. Steele, 537 So.2d 650 (Fla. 4th DCA 1989). See also, Canal Auth. v. Miller, 243 So.2d 131 (Fla.1970); City of St. Petersburg v. Vinoy Park Hotel Co., 352 So.2d 149 (Fla. 2d DCA 1977) (condemning authority need not show that it “needed” the subject parcel but must only show a “reasonable necessity”). Once a reasonable necessity is shown, exercise of the authority’s discretion should not be disturbed unless the landowner can show illegality, bad faith, or gross abuse of discretion. City of Jacksonville v. Griffin, 346 So.2d 988 (Fla.1977).
We find that the evidence presented, viewed in the light most favorable to DOT, supports its position that condemnation of the appellees’ property is reasonably necessary. We, accordingly, reverse the directed verdict entered against DOT and remand for further proceedings consistent herewith.
REVERSED AND REMANDED.
SCHEB, A.C.J., and RYDER and SCHOONOVER, JJ., concur.