311 So.2d 159 (1975)
George M. BROWN, Appellant,
v.
Meredith E. DOBRY and Mabel M. Dobry, Appellees.
No. 73-641.
District Court of Appeal of Florida, Second District.
April 18, 1975.
Rehearing Denied May 6, 1975.
Howard P. Ross of Parker, Battaglia, Parker, Ross & Stolba, St. Petersburg, for appellant.
Jack B. McPherson of Allgood, McPherson & Cobb, New Port Richey, and T. Paine Kelly, Jr., of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellees.
PER CURIAM.
The appellant filed his complaint in two counts. Count I was for specific performance and Count II was for damages resulting from a breach of the contract by appellees in the event the court denied specific performance. The trial court entered its final judgment appealed dismissing appellant's complaint. The agreement entered into by the parties reads as follows:
The intent of this paper is to bind the parties hereto for the following general agreement.
1. To option 17 & 18  approximately 935 acres as a survey will show @ $1300.00 per acre. 29% down balance  10 years. 6% interest on unpaid balance with release of appx. 232 acres for the (should be 75% of down payment money) *160 down payment location of which to be agreed upon at closing.
Purchase to proceed as follows:
Option money of $1,000.00 paid this date and balance of $49,000.00 at closing of option. $10,000.00 of this $50,000.00 to be escrowed for land work purposes.
This $50,000.00 will allow optionee 5 months time before closing. If optionee wishes, he can have subsequent one month options at $10,000.00 per month for 5 additional months. All option monies shall be applied and credited to the down payment for the purchase.
Additional releases shall be calculated at 125%.
(2) Optionee shall pay $20,000.00 to option section 19 & 30  approximately 690 acres for a period of 3 years. The purchase price shall be $1,150.00 per acre plus 6% for the time used until the purchase takes place.
3) Optionee shall pay $20,000.00 to option all the balance of the Moon Lake Valley Dobry Ranch or approximately 1,129 acres more or less for 5 years at approximately $3,000,000.00.
Purchase terms of #2 & 3 above shall be same as # 1.
We conclude from a reading of the agreement that it is merely an agreement to enter into an option at some undisclosed date in the future to sell the property within a certain specified time.
In order for a contract to be subject to specific performance, it must appear from the writing constituting the contract that the obligations of the parties with respect to conditions of the contract and actions to be taken by the parties are clear, definite and certain. Lasseter v. Dauer, Fla.App.3d 1968, 211 So.2d 584. The contract in this case falls far short of meeting this requirement.
The trial court found as to both counts that a cause of action was not stated because the language of the contract demonstrates "that it was a mere incident of negotiations for a prospective, option agreement at some future, undisclosed time, and that the terms thereof are so vague, indefinite, uncertain and incomplete, that it is impossible to ascertain the intent of the parties thereto." We agree with the trial court in this finding and hold that the agreement in question is so indefinite and uncertain to render it unenforceable. For the foregoing reasons the judgment of the trial court is
Affirmed.
McNULTY, C.J., and HOBSON and GRIMES, JJ., concur.