559 So.2d 1210 (1990)
777 FLAGLER CO., Appellant/Cross Appellee,
v.
AMERIFIRST BANK, f/k/a Amerifirst Federal Savings and Loan Association, a Federal Savings Bank, Appellee/Cross Appellant.
No. 88-3155.
District Court of Appeal of Florida, Fourth District.
March 14, 1990.
Rehearing and Rehearing Denied May 23, 1990.
Robert T. Scott, Peter J. Aldrich, and David R. Atkinson of Gunster, Yoakley, Criser & Stewart, P.A., West Palm Beach, for appellant/cross appellee.
Blackwell, Walker, Fascell & Hoehl, P.A., Miami, Randy Ellison of Jones, Foster, Johnston & Stubbs, P.A., and Larry Klein of Klein & Walsh, P.A., West Palm Beach, for appellee/cross appellant.
Rehearing and Rehearing En Banc Denied May 23, 1990.
POLEN, Judge.
We have carefully reviewed the trial court's extensive order and findings of fact *1211 in addition to the parties' motions, memoranda of law, briefs and oral arguments. We conclude that there are no genuine issues of material fact which would preclude the trial court's entry of summary judgment. Moore v. Morris, 475 So.2d 666 (Fla. 1985); Stewart v. Boho, Inc., 493 So.2d 95 (Fla. 4th DCA 1986).
We find the language of paragraph 16.27 to be clear and unambigious. The language clearly stated that the contract is not complete in material respects and would become complete, valid and enforceable only if the parties, prior to a specified deadline, are able to reach agreement as to form and substance of the exhibits. The undisputed failure of the parties to agree on the exhibits precludes the existence of any legally enforceable contract. Even when all other provisions of the document are taken in pari materia with paragraph 16.27, we reach the same conclusion. Thus, the trial court did not err in its interpretation and conclusion that a contract had not been formed. Zepfler v. Neandross, 497 So.2d 901 (Fla. 4th DCA 1986). Accordingly, we affirm the trial court's order granting summary judgment and all points raised on appeal.
STONE and WARNER, JJ., concur.