639 So.2d 105 (1994)
Vincent M. DROST, Appellant,
v.
Lance HILL and Jan Hill, Appellees.
No. 93-2000.
District Court of Appeal of Florida, Third District.
June 14, 1994.
Rehearing Denied July 19, 1994.
Erol M. Vural, Summerland Key, Beckmeyer & Mulick and Nicholas W. Mulick, for appellant.
Frigola, DeVane, Wright & Dorl, and William N. DeVane, Jr., Marathon, for appellees.
Before NESBITT, COPE and LEVY, JJ.
COPE, Judge.
Vincent M. Drost appeals a final order granting specific performance. We reverse.
Drost, as landlord, entered into a real estate lease with appellees Jan V. Hill and Lance J. Hill as tenants. The initial term of the lease was for six months. The lease included an "Option for Five Year Lease." If the tenants exercised this option, they would have (a) an additional five-year term, including (b) an option to buy the real estate. The parties' initial agreement stated, in part:

*106 The parties agree that a term of the five (5) year lease shall provide the Lessee with the option to purchase the lease property, including Lots 5 and 6. The five (5) year lease shall contain the purchase price and terms for the exercise of the purchase option by the Lessee at anytime during said lease terms.
As revealed in the language just quoted, the Option for Five Year Lease did not contain the price and terms at which the tenants would be entitled to buy the land from the landlord. The price and terms were to be established in the future.
During the initial six month lease, tenants sent the landlord a written notice of their exercise of the Option for Five Year Lease. This was followed by various negotiations and disputes between the parties. After the initial six month term expired, the landlord brought an action for possession of the premises. The tenants counterclaimed for specific performance of the Option for Five Year Lease.
The trial court granted specific performance to the tenants. It ordered the landlord to enter into a five year lease with the tenants and to prepare the document. Since the Option for Five Year Lease included an option for the tenants to buy the real estate, the court ordered the landlord to include in the five-year lease "the purchase price and terms for the exercise of said option [to purchase the real estate.] The purchase price and terms for the exercise of said option shall be reasonable. The Court considers fair market value to be reasonable." The landlord has appealed.
We conclude that the Option for Five Year Lease was unenforceable. The Option for Five Year Lease was to allow tenants to lease the property for an additional five years. The five-year lease was to include an option for the tenants to buy the real estate. However, the parties had not reached a meeting of the minds on a material term, namely, the price at which the landlord would sell, and the tenants would buy, the property. "[A] meeting of the minds of the parties on all essential elements is a prerequisite to the existence of an enforceable contract, and where it appears that the parties are continuing to negotiate as to essential terms of an agreement, there can be no meeting of the minds." Central Properties, Inc. v. Robbinson, 450 So.2d 277, 280 (Fla. 1st DCA 1984), quashed in part on other grounds, 468 So.2d 986 (Fla. 1985); accord 777 Flagler Co. v. AmeriFirst Bank, 559 So.2d 1210, 1211 (Fla. 4th DCA), review denied, 574 So.2d 143 (Fla. 1990); Balter v. Pan American Bank, 383 So.2d 256, 257 (Fla. 3d DCA 1980); Brown v. Dobry, 311 So.2d 159, 160 (Fla. 2d DCA 1975). See generally 44 Fla.Jur.2d Real Property Sales & Exchanges § 27 (1984).
"In order for a contract to be subject to specific performance, it must appear from the writing constituting the contract that the obligations of the parties with respect to [the] conditions of the contract and actions to be taken by the parties are clear, definite and certain." Brown v. Dobry, 311 So.2d at 160; accord Lasseter v. Dauer, 211 So.2d 584, 585 (Fla. 3d DCA 1968); see also Bay Club, Inc. v. Brickell Bay Club, Inc., 293 So.2d 137, 139 (Fla. 3d DCA 1974); 44 Fla. Jur.2d Real Property Sales & Exchanges §§ 22, 27. Specific performance should not have been ordered.[*]
The order under review is reversed and the cause remanded with directions to enter judgment in favor of Drost.
Reversed and remanded.
NOTES
[*] Since this issue is dispositive, we need not consider the other issues raised by appellant.