765 So.2d 121 (2000)
Stacy ALLEN, and Lillie Pearl Allen, Appellants,
v.
Ophelia BERRY, Appellee.
No. 5D99-2704.
District Court of Appeal of Florida, Fifth District.
June 16, 2000.
Rehearing Denied August 17, 2000.
*122 Johnie A. McLeod, of McLeod, McLeod & McLeod, P.A., Apopka, for Appellants.
Sidney H. Shams, of Moran & Shams, P.A., Orlando, for Appellee.
ORFINGER, M., Senior Judge.
The Allens appeal from a final judgment granting Berry's request for ejectment and denying Allens' counterclaim for breach of contract, specific performance, reformation and declaratory judgment. We affirm in all respects. Although appellant raises several issues on appeal, only one merits discussion.
Appellants contend that there was an oral agreement between them and Berry for the purchase and sale of the property on which the encroachment is claimed. They point to a letter written to them by Berry which, arguably, together with a ledger and memoranda kept by Berry, would indicate that Berry intended to sell them some land, so as to satisfy the writing requirement of the statute of frauds. § 725.01, Fla. Stat. However, the evidence at trial was in sharp conflict as to what land appellants intended to purchase or what land Berry proposed to sell, or even what the purchase price would be. It is clear from the evidence at trial that there was never a meeting of the minds as to the details of the proposed transaction. Thus even appellants' claim of partial performance must be rejected because there never was an understanding as to what was to be performed.
It is well established that in order for there to be an enforceable contract to sell land, there must exist a written memorandum as required by the statute of frauds, which sufficiently demonstrates that there was a meeting of the minds as to all of the essential terms of the sale, and these terms cannot be explained by resort to parol evidence. Socarras v. Claughton Hotels, Inc., 374 So.2d 1057 (Fla. 3d DCA 1979). Where it appears that the parties are continuing to negotiate as to essential terms of an agreement, there can be no meeting of the minds. Drost v. Hill, 639 So.2d 105 (Fla. 3d DCA 1994).
AFFIRMED.
SAWAYA, J., concurs.
W. SHARP, J., concurring and dissenting, with opinion.
W. SHARP, J., concurring in part and dissenting in part.
I agree with the majority opinion as far as it goes. The trial court concluded, based on the evidence presented, and there was substantial evidence to support his conclusion, that there never was a *123 meeting of the minds as to what land was to be purchased, and at what price.
However, the evidence also established (without dispute) that the Allens paid Berry (in cash or in-kind services) $3,180.00 in payments, in the mistaken belief that there was a contract between them to buy and sell certain lands belonging to Berry. Berry admitted she received these monies or services for that purpose and she kept a ledger and gave the Allens receipts for their payments. The final judgment does not deal with what should happen to the $3,180.00 and by saying nothing, it appears Berry will be able to retain the funds.
One count of the Allens' counterclaim was for a declaration of their rights,[1] obligations and liabilities with respect to the contract and the $3,000 paid by them to Berry. One of the rights inherent in this count, is the Allens' right to recover monies paid by them to Berry on the contract. Further, in another count, they claimed that Berry breached the contract with them, and they alleged that Berry owed them $3,180.00 as damages or as otherwise determined by the court to be due and owing, together with such other and further relief as the court deemed just, proper and equitable. The Aliens' technical failure to plead for "quantum meruit" or for a "return of the funds" paid does not appear to me to be an insurmountable obstacle to doing complete justice in this case, as their claim was inherent in these two counts.
In my view, the judgment should have declared that since there was no contract between the parties, the funds paid to Berry by the Aliens should be returned to the Allens. The pleadings only generally request this relief, but to do equity in this case the judgment should have included those provisions.
NOTES
[1] While this would not result in a money judgment per se, a judgment determining that they were entitled to return of the $3,000 would enable the Aliens to convert it into a money judgment.