781 So.2d 464 (2001)
Alma M. BOWEN, Appellant,
v.
LARRY GROSS CONSTRUCTION, INC., Appellee.
No. 5D00-1803.
District Court of Appeal of Florida, Fifth District.
March 9, 2001.
*465 Jerome D. Mitchell, of Riggio & Mitchell, P.A., Daytona Beach, for Appellant.
Sid C. Peterson, Jr., of DeLoach & Peterson, P.A., New Smyrna Beach, for Appellee.
HARRIS, J.
This is an appeal from an order enforcing an agreement made during mediation in an action between a general contractor, Gross, and the owner of the home being constructed, appellant. The issue before this court concerns the corrective action required to "repair cracks in plaster." In the mediated agreement, the parties agreed that the owner would submit a proposal by a contractor to repair the cracks in the plaster and that amount would be reduced from the remaining contract price owed to Gross. The owner submitted a proposal in the amount of $14,000 but the contractor, after being contacted by Gross, reduced that amount to $945. He explained the difference by noting that the owner had told him that she wanted "no patch work." Thus, his initial estimate was for removing and replacing the drywall and replastering. When he was asked by Gross as to what the cost would be for repairing the existing plaster, he arrived at the lesser figure. The contractor assured the court that the repair would not be noticeable and that it would last long term. The court then ordered the owner to deduct $3,445 (the cost of repair and repainting) and to pay the balance of the contract price for her new home.
The owner now claims that the court erred in not permitting her to put on two contractor witnesses who would have testified that the repair would not last. This issue is not preserved. She never proffered the witnesses. The owner's lawyer did inquire of the trial judge, "The Court is not going to indulge any further testimony to explain?" The judge responded: "I can, but I'm not sure. I don't want to hear any more parole testimony about what was thought about in the agreement. I think the agreement's intent is clear, and if the parties made a bad one, I'm sorry, but there it is."
The court's concern was the dispute between the parties as to whether the owner *466 was entitled to "repair" the plaster by replacing the drywall and plaster or must accept repaired plaster which would look new and would be permanent. The contractor initially chosen by appellant testified that the repair would not be noticeable and would be permanent. The owner did not explain to the court that she wished to challenge the permanency of the repair. Without doing so, the owner has failed to preserve this issue.
We reject, as did the trial court, the owner's contention that the agreement was unenforceable because of a lack of a meeting of the minds. As held in Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Financial Corp., 302 So.2d 404, 408 (Fla.1974):
Although it has been held that there can be no contract where the offeror, using ambiguous language, reasonably means one thing and the offeree reasonably understands differently, it has been held, however, ...
Even though the details are not definitely fixed, an agreement may be binding if the parties agree on the essential terms and seriously understand and intend the agreement to be binding on them. A subsequent difference as to the construction of the contract does not affect the validity of the contract or indicate the minds of the parties did not meet with respect thereto.
The parties chose the word "repair" and are bound by the interpretation which the court placed on it. See 17A Am.Jur.2d Contracts § 30 (1991) (cited by the supreme court in Blackhawk).
AFFIRMED.
THOMPSON, C.J., and PALMER, J., concur.