867 So.2d 1224 (2004)
Brett KING and Angela King, Appellants,
v.
Larry BRAY and Deborah Bray, Appellees.
No. 5D02-4064.
District Court of Appeal of Florida, Fifth District.
March 12, 2004.
*1225 James Barrow of Tampa Bay Law Group, P.A., Tampa, for Appellants.
David La Croix, Brooksville, for Appellees.
SAWAYA, C.J.
Brett and Angela King appeal the final judgment rendered in favor of Larry and Deborah Bray in the action for specific performance filed by the Kings to enforce their contract to purchase the Brays' home. The issue we must resolve in these proceedings is whether the trial court erred in finding that the contract was unenforceable because it was ambiguous and because there was never a meeting of the minds between the parties regarding an essential term of the agreement.
Negotiations between the parties resulted in a contract whereby the Kings agreed to purchase the Brays' residence and assume the existing mortgage. Appended to the contract was an addendum that contained the following provision:
When Mortgage is assumed and Loan is Liquidated, sellers: Larry & Deborah Bray are to be released from Liability and VA certificate is to be returned to Larry Bray.
This provision formed the genesis of the lawsuit because, according to the Kings, nothing in the contract required them to return the VA certificate at closing as the Brays apparently expected. The Kings understood that the certificate would be returned after the loan was paid in full. Unfortunately, the addendum was not attached to the copy of the contract sent to the mortgage company and when the Brays learned that the mortgage company would not return the certificate until the loan was satisfied, they refused to close. The Brays testified at the trial that the addendum meant that when the loan was assumed, they would get the certificate back at closing. The transactional broker who prepared the addendum testified that she understood that the certificate was to be returned at closing and that this is what the Brays made clear to her when the contract was signed.
The trial court found that return of the certificate was a major consideration for *1226 the Brays when they executed the contract so that it could be utilized by them to purchase another home. The trial court also found that the addendum was prepared with the Brays' understanding that the certificate would be returned at closing and because there was no meeting of the minds and no mutual understanding of the contents of the contract, a valid and enforceable contract never came into existence. Accordingly, judgment was entered denying the Kings specific performance of the contract and requiring that the deposit be returned to the Kings with no deductions for fees or costs.
The Kings argue that the judgment should be reversed because the trial court erred in admitting parol evidence to explain the addendum that they contend was clear and unambiguous. The parol-evidence rule is a substantive rule of law[1] and reduced to its essence, provides that a written document intended by the parties to be the final embodiment of their agreement may not be contradicted, modified or varied by parol evidence. See The Florida Bar v. Frederick, 756 So.2d 79 (Fla.2000); Jackson v. Parker, 153 Fla. 622, 15 So.2d 451 (1943); Ali R. Ghahramani, M.D., P.A. v. Pablo A. Guzman, M.D., P.A., 768 So.2d 535 (Fla. 4th DCA 2000). Because the law generally presumes that the parties, by making a writing on the subject, intended the writing to be the sole expositor of their agreement, the party seeking to introduce parol evidence must establish that the document is ambiguous and in need of interpretation. See Frederick; Laboratory Corp. of Am. v. McKown, 829 So.2d 311 (Fla. 5th DCA 2002); NCP Lake Power, Inc. v. Florida, Power Corp., 781 So.2d 531 (Fla. 5th DCA 2001).
The problem with the Kings' argument is that they did not object to the introduction of the parol evidence that allowed the trial court to look beyond the four corners of the contract. Although the theoretical underpinnings of the parol-evidence rule might logically suggest otherwise, especially in light of the fact that the rule is considered a fundamental rule of substantive law, the Florida courts generally agree that failure to object to the introduction of parol evidence in the trial proceedings waives the right to invoke the rule on appeal. See Pathway Fin. v. Miami Intern. Realty Co., 588 So.2d 1000 (Fla. 3d DCA 1991); King v. Estate of King, 554 So.2d 600 (Fla. 1st DCA 1989), review denied, 564 So.2d 487 (Fla.1990); Thal v. Roth, 173 So.2d 174 (Fla. 3d DCA 1965); Ross v. Florida Sun Life Ins. Co., 124 So.2d 892 (Fla.2 DCA 1960); Frank v. Pioneer Metals, Inc., 121 So.2d 685 (Fla. 3d DCA), cert. denied, 123 So.2d 676 (Fla. 1960). Hence, we proceed to determine whether the trial court arrived at the correct conclusion based on the evidence and testimony submitted by the parties.
Specific performance may be denied when a contract is unenforceable because, based on an ambiguity in the contract, the parties never reached a meeting of the minds regarding an essential term of the agreement. See Cavallaro v. Stratford Homes, Inc., 784 So.2d 619 (Fla. 5th DCA 2001); Allen v. Berry, 765 So.2d 121 (Fla. 5th DCA 2000), review denied, 786 So.2d 1183 (Fla.2001). Regarding the issue whether the contract is ambiguous, the underlying rationale of the argument presented by the Kings is that 38 U.S.C. § 3702(b) provides for the return of a VA certificate upon the satisfaction of the *1227 mortgage. Therefore, if a VA loan is assumed by a nonveteran, the certificate will not be returned until the loan is paid in full. Accordingly, the Kings argue the contract was clear and unambiguous and could not mean that the certificate would be returned at closing because such an interpretation would result in an absurdity and render assumption of the loan, as contemplated by the contract, impossible to accomplish. The courts generally agree that where one interpretation of a contract would be absurd and another would be consistent with reason and probability, the contract should be interpreted in the rational manner. See American Med. Int'l, Inc. v. Scheller, 462 So.2d 1, 7 (Fla. 4th DCA 1984) ("A true ambiguity does not exist merely because a contract can possibly be interpreted in more than one manner. Indeed, fanciful, inconsistent, and absurd interpretations of plain language are always possible. It is the duty of the trial court to prevent such interpretations."); Paddock v. Bay Concrete Indus., Inc., 154 So.2d 313, 315-16 (Fla. 2d DCA 1963) ("Looking to the other provisions of a contract and to its general scope, if one construction would lead to an absurd conclusion, such interpretation must be abandoned and that adopted which will be more consistent with reason and probability.") (citation omitted). We disagree, however, that the contract is clear and unambiguous.
Contrary to the assertions of the Kings, there are instances under federal law when a VA certificate can be returned at closing. For example, if the buyer is also a veteran or if the buyer applies for and receives a waiver from the VA Secretary, a certificate may indeed be returned at closing. See 38 U.S.C. § 3702(b)(1). Therefore, it is clear that the Brays' intent to have the certificate returned at closing was not without basis in the law, impossible, or meaningless as the Kings contend. The Brays also assert that the meaning of the addendum turns on what "liquidated" means because that term has different meanings. Webster's Collegiate Dictionary defines "liquidate" to mean to determine, by agreement or litigation, the exact amount of an indebtedness. Webster's Collegiate Dictionary 679 (10th ed.1993). It also defines the same term as meaning to settle a debt by payment or other settlement. Id. Hence, the term may be defined to fit either understanding of the parties to the instant contract. Accordingly, the trial court concluded, and we think correctly so, that the contract was ambiguous. See Friedman v. Virginia Metal Prods. Corp., 56 So.2d 515, 517 (Fla.1952) ("A word or phrase in a contract is `ambiguous' only when it is of uncertain meaning, and may be fairly understood in more ways than one. The term `ambiguous' means susceptible of more than one meaning.") (citations omitted). "`Language is ambiguous where it is susceptible of interpretation in opposite ways.'" Id. (quoting J.E. Blank, Inc. v. Lennox Land Co., 351 Mo. 932, 174 S.W.2d 862, 868 (1943)).
Having concluded that the contract was ambiguous, the trial court determined that the parties never formed an enforceable contract because, based on their different views of what the contract meant, they never arrived at a meeting of the minds. "It is well established that a meeting of the minds of the parties on all essential elements is a prerequisite to the existence of an enforceable contract...." Greater New York Corp. v. Cenvill Miami Beach Corp., 620 So.2d 1068, 1070 (Fla. 3d DCA 1993) (citations omitted); see also Cavallaro (holding that if there was never a meeting of the minds regarding the essential terms of a contract, the contract is unenforceable). An objective test is utilized to determine whether a contract is enforceable. See Robbie v. City of Miami, 469 So.2d 1384 (Fla.1985); Blackhawk *1228 Heating & Plumbing Co. v. Data Lease Fin. Corp., 302 So.2d 404 (Fla.1974). In Robbie, the court explained:
We have consistently held that an objective test is used to determine whether a contract is enforceable. Blackhawk (and cases cited therein). As stated in Blackhawk:

"The making of a contract depends not on the agreement of two minds in one intention, but on the agreement of two sets of external signsnot on the parties having meant the same thing but on their having said the same thing."
302 So.2d at 407, quoting Gendzier v. Bielecki, 97 So.2d 604, 608 (Fla.1957). In addition, parties to a contract do not have to deal with every contingency in order to have an enforceable contract. See Blackhawk.
469 So.2d at 1385.
The testimony in the instant case leads to no conclusion other than that reached by the trial court. The Brays believed that the Kings acquired their own mortgage (albeit by assuming the Brays' mortgage) and the addendum required that the Kings return the VA certificate to the Brays at closing. The Kings believed that the addendum was pointless and required nothing more than that which would have occurred without it, which was the return of the certificate after they paid off the mortgage at the end of the term. Therefore, the trial court correctly found that the parties never reached a meeting of the minds regarding the provisions of the addendum.
We must next determine whether the provision in the addendum regarding the certificate was an essential element of the contract. "While a `meeting of the minds' may not be necessary as to every term for a contract to be formed, mutual assent is certainly necessary as to an essential term...." David v. Richman, 568 So.2d 922, 924 (Fla.1990) (citations omitted); Blackhawk, 302 So.2d at 408 ("Even though all the details are not definitely fixed, an agreement may be binding if the parties agree on the essential terms and seriously understand and intend the agreement to be binding on them. A subsequent difference as to the construction of the contract does not affect the validity of the contract or indicate the minds of the parties did not meet with respect thereto.") (citation omitted); Bowen v. Larry Gross Constr., Inc., 781 So.2d 464, 466 (Fla. 5th DCA 2001). What is an essential term of a contract "will vary widely according to the nature and complexity of each transaction and will be evaluated on a case by case basis...." Socarras v. Claughton Hotels, Inc., 374 So.2d 1057, 1060 (Fla. 3d DCA 1979), cert. denied, 385 So.2d 760 (Fla.1980); see also Giovo v. McDonald, 791 So.2d 38, 40 (Fla. 2d DCA 2001) ("Certainly, what is an `essential term' of a contract differs according to the circumstances."), review denied, 817 So.2d 848 (Fla.2002).
Here, the trial court found that the provision in the contract regarding the VA certificate was "a major consideration and specific requirement of the sale" and the Kings do not argue otherwise in these proceedings. Even if the Kings had argued that the addendum provision was not an essential term of the contract, based on the particular facts and circumstances of this case, we would not be able to say that the conclusion reached by the trial court was wrong.
Accordingly, we affirm the judgment rendered by the trial court.
AFFIRMED.
PALMER and TORPY, JJ., concur.
NOTES
[1] The parol-evidence rule is generally considered a "fundamental rule of substantive law." The Florida Bar v. Frederick, 756 So.2d 79, 85 n. 2 (Fla.2000) (citing Schwartz v. Zaconick, 68 So.2d 173, 175 (Fla.1953); Knabb v. Reconstruction Fin. Corp., 144 Fla. 110, 197 So. 707, 715 (1940)).