PER CURIAM.
The second amended complaint of the appellants was dismissed with prejudice by the trial court because of an application of the parol evidence rule to the contract between the parties. Despite its name, the parol evidence rule is a substantive rule of law essentially to the effect that a written document intended by the parties to be the final embodiment of their agreement may not be contradicted, modified, or varied by parol evidence. See King v. Bray, 867 So.2d 1224, 1226 (Fla. 5th DCA 2004). We find no error in the application of this concept by the trial court in the present case to the alleged oral representations at variance with the unambiguous contract before the trial court in the present case. Moreover, no exception to the parol evidence rule appears to be applicable.
Finally, the appellants argue that some parts of the trial judge’s final order in this matter were never argued to him below. We have not been provided with either a transcript of the hearing associated with the final order, or a stipulation pursuant to Rule 9.200(a), Florida Rules of Appellate Procedure. Accordingly, we are unable to address this matter. Cf., Hirsch v. Hirsch, 642 So.2d 20 (Fla. 5th DCA 1994).
AFFIRMED.
PLEUS, MONACO, and TORPY, JJ„ concur.