NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


NICON CONSTRUCTION, INC.,　　　)
a/a/o Richard Prager,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Appellant,　　　　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)　　　　Case No.　2D16-1586
　　　　　　　　　　　　　　　　)
HOMEOWNERS CHOICE　　　　　　)
PROPERTY AND CASUALTY　　　　　)
INSURANCE COMPANY; and　　　　　)
B&M CLEAN, LLC, d/b/a Sun　　　　　)
Construction,　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Appellees.　　　　　　　)
_____)

Opinion filed May 11, 2018.

Appeal from the Circuit Court for
Hillsborough County; Rex Barbas,
Judge.

Jason Ciofalo of Mackinnon Law Group,
P.A., Tampa; and Susan W. Fox and
Gray R. Proctor of Fox & Loquasto,
P.A., Orlando, for Appellant.

Andrew A. Labbe of Groelle & Salmon,
P.A., Tampa, for Appellee Homeowners
Choice Property and Casualty Insurance
Company.

No appearance for Appellee B&M
Clean, LLC.

KELLY, Judge.

Nicon Construction, Inc., appeals from a summary judgment entered in favor of Homeowners Choice Property and Casualty Insurance Company on a breach of insurance contract claim. We reverse.

Homeowners Choice issued a property insurance policy to Richard Prager. In April 2012 a pipe burst in Mr. Prager's home. In exchange for immediate emergency services, Mr. Prager provided assignments of benefits from his insurance policy to two firms: B&M Clean, LLC, for water and debris removal, and Nicon, an asbestos remediation provider. Later that year, when he discovered additional water damage, Mr. Prager again provided assignments of benefits to B&M Clean and Nicon.

Eventually, both B&M Clean and Nicon sued Homeowners Choice for breach of the insurance contract alleging that it had failed to pay all benefits due them under the policy. Homeowners Choice obtained a summary judgment against Nicon after persuading the trial court that Nicon's assignment was invalid because at the time Mr. Prager provided the assignment to Nicon, he had already assigned all the benefits for this loss to B&M Clean. To reach this conclusion, the trial court focused on a portion of the assignment that states Mr. Prager is assigning "any and all insurance rights, benefits, and causes of action under my property insurance policy" to B&M Clean. The court reasoned that because of this language, Mr. Prager had no further rights under the policy left to assign to Nicon. We conclude the trial court erred in its interpretation of the assignment.

The interpretation of a contract is a question of law, and we are not restricted in our review powers from reaching a construction that is contrary to the one

- 2 -

reached by the trial court.  See City of Tampa v. Ezell, 902 So. 2d 912, 914 (Fla. 2d DCA 2005).  "In construing a contract, the intent of the parties should be determined from the words of the contract as a whole."  Id. (citing Fla. Power Corp. v. City of Tallahassee, 18 So. 2d 671 (Fla. 1944)).  "The court also should consider the conditions and circumstances surrounding the parties and the objects to be obtained in executing the contract."  Id.

In finding that Mr. Prager had no further interest in the claim to assign to Nicon, the trial court isolated a phrase in the assignment rather than viewing it in the context of the entire agreement.  When the phrase "any and all insurance rights, benefits, and causes of action under my property insurance policy" is read in the context of the entire assignment and the purpose for which it was entered into, it is evident that Mr. Prager was assigning all his rights under the policy to payment for the services performed by B&M Clean—not all his rights to payment for the entire covered claim.  Accordingly, the assignment to Nicon was valid, and it was error for the trial court to enter summary judgment in favor of Homeowners Choice.

Reversed and remanded for further proceedings.


SILBERMAN and ROTHSTEIN-YOUAKIM, JJ., Concur.