# Third District Court of Appeal
## State of Florida

Opinion filed April 1, 2026.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D25-1214
Lower Tribunal No. 23-25501-CA-01

————————————

**Estime Tanis,**
Appellant,

vs.

**Niquette Destin,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Law Offices of James Jean-Francois, P.A., and James Jean-Francois (Hollywood), for appellant.

Hutchison Law, and Courtney D. Hutchison (Naples); Rizk Law, PLLC, and Beshoy Rizk, for appellee.

Before FERNANDEZ, MILLER, and LOBREE, JJ.

PER CURIAM.

Affirmed.  See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory."); see also Twenty-Four Collection, Inc. v. M. Weinbaum Const., Inc., 427 So. 2d 1110, 1111 (Fla. 3d DCA 1983) ("[A]nticipatory repudiation relieves the non-breaching party of its duty to further perform and creates in it an immediate cause of action for breach of contract."); Brown v. Dobry, 311 So. 2d 159, 160 (Fla. 2d DCA 1975) ("In order for a contract to be subject to specific performance, it must appear from the writing constituting the contract that the obligations of the parties with respect to conditions of the contract and actions to be taken by the parties are clear, definite and certain."); Craigside, LLC v. GDC View, LLC, 74 So. 3d 1087, 1090 (Fla. 1st DCA 2011) ("[A]nticipatory repudiation[] . . . gives rise to a claim for damages by the nonbreaching party." (citing Restatement (Second) of Contracts § 253 (1979))).